Cody J. **GEURIN**, Plaintiff–Appellee,

v.

**WINSTON INDUSTRIES, INC.,**
a Kentucky corporation,
Defendant,

and

Winston Products Company, (Inc.),
Defendant–Appellant.

No. 01–36092.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Filed Dec. 30, 2002.

880

J. Michael Crowe, Crowe & Rogan, Santa Monica, CA, and Todd R. Startzel, Leveque, Kirkpatrick, & Startzel, Spokane, WA, for defendant-appellant.

Steven M. Cronin, Mullin, Cronin, Casey & Blair, Spokane, WA, for plaintiff-appellee.

Before HILL,* GOULD and BERZON, Circuit Judges.

## OPINION

HILL, Senior Circuit Judge.

Cody J. Geurin sued Winston Industries, Inc. for damages in a products liability action. The district court granted partial

* The Honorable James C. Hill, Senior United States Circuit Judge, United States Court of

Appeals for the Eleventh Circuit, sitting by designation.

summary judgment for Geurin on defendant's affirmative defense of third-party liability. After a jury trial, Geurin was awarded damages. Winston Industries, Inc. appeals the partial summary judgment, and the denial of its motions for a mistrial and a new trial.

## I.

In 1985, Winston Industries, Inc. ("Winston") designed, manufactured, and sold a pressure cooker that had a pressure lid lock system. On June 1, 1998, some thirteen years later, Cody J. Geurin, an employee of a Kentucky Fried Chicken franchise in Spokane, Washington, was cooking chicken in the pressure cooker when the lid popped open, allowing hot oil to spray him. Geurin was severely burned. At the time of the accident, the fryer had been altered and a cam lid lock had been installed in place of the originally installed pressure lid lock.

In May of 2000, Geurin filed this action under Washington's Product Liability Actions statute, Wash. Rev. Code § 7.72, against Winston, alleging that it manufactured and sold a defectively designed fryer and that this defect proximately caused his injuries.

Winston answered that it denied these allegations. In addition, it raised eleven affirmative defenses. Affirmative defense # 6 asserted that third parties were liable for Geurin's damages. Affirmative defense # 4 asserted that Geurin's damages were "solely caused by superseding and/or intervening causes." Affirmative defense # 10 asserted that "fryers manufactured and sold by defendants to plaintiff's employer did not proximately cause plaintiff's alleged injuries." Affirmative defense # 11 asserted that the "safe life" of the fryer had expired at the time of the accident.

In April of 2001, Geurin moved for partial summary judgment as to affirmative defenses # 6 and # 11. He argued that the safe life of the fryer had not expired as a matter of law. He also argued that Winston's defense that the negligence of third parties caused his injuries should be dismissed because some of these third parties were "immune from liability" as employers or co-workers,[1] and the rest had no duty with respect to the fryers that they breached. Winston opposed the motion, arguing that disputed issues of fact remained as to these issues.[2]

In May, the district court denied Geurin's motion as to affirmative defense # 11, holding that the issue of the fryer's safe life was a factual one for the jury. The court, however, granted Geurin partial summary judgment as to Winston's affirmative defense of third-party liability, holding that the third parties were either immune, or that, even if they were not immune, Winston had failed to establish that any of these third parties had a "duty" to Geurin that they breached.

In July, Geurin filed a motion *in limine* seeking to exclude from trial all evidence "pertaining to Winston's allegations of third party negligence." Specifically, Geurin sought to exclude the testimony of Jeffrey Thamert, who prepared a report for Winston stating that the problems with the fryer should have been noticed during

---

1. Under Washington's Industrial Insurance Act, employers and co-employees are immune from damage claims for non-intentional workplace injuries. Wash. Rev. Code § 51.04.010.

2. Winston argued that the identity of Geurin's corporate employer was unclear, and that, in any event, the owner of the property would owe a common-law duty to Geurin to keep the premises safe. Winston also asserted that a repairman who worked on the fryer was a non-immune independent contractor.

routine maintenance and that the fryer should have been repaired or replaced before the accident. Winston opposed the motion on the ground that Thamert's testimony and report were relevant to Winston's remaining affirmative defenses, including that supervening events caused the accident.[3]

The district court granted Geurin's motion *in limine*, holding that since third party liability had been dismissed as an affirmative defense, Winston could present evidence of the condition of the fryer only when it was manufactured and sold in 1985, and at the time of the accident in 1998. No evidence on intervening events would be allowed.

Also in July, Winston filed its own motion *in limine*, seeking to exclude at trial the deposition testimony of its own investigators relating to other accidents involving the same type of fryer. Winston argued that these other accidents did not involve facts and circumstances similar to Geurin's accident. The district court agreed and granted the motion. Prior to trial, however, Geurin designated this deposition testimony for introduction at trial. Winston objected, but the court never ruled. •

During the trial, the district court precluded Winston from referring to the failure of third parties to properly maintain the fryer after it left Winston's possession and control. The district court sustained all objections to Winston's efforts to introduce evidence of the alleged failure to maintain the fryer for the thirteen-year period following its sale. The court explained, "I don't think that maintenance in the defense case has anything to do with

proximate cause." Winston was permitted to present evidence concerning the condition of the fryer only at the time it was sold in 1985, and at the time of the accident in 1998.

Additionally, over Winston's objections, Geurin was permitted to introduce those portions of Winston's investigators' depositions in which they testified regarding their investigations of other accidents involving Winston-manufactured fryers.[4] Winston moved for mistrial, which the district court denied.

After trial, the jury returned a verdict for Geurin of $350,000, reduced by their finding that he was 15% negligent. Winston filed a motion for new trial alleging evidentiary error, which the district court denied. Final judgment was entered in October of 2001.

■ Winston appeals the grant of partial summary judgment, the denial of its motion for mistrial, and the denial of its motion for a new trial. We review the grant of partial summary judgment *de novo*. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834, *as amended*, 125 F.3d 1281(9th Cir.1997). The district court's alleged evidentiary errors are reviewed for abuse of discretion. *Freeman v. Allstate Ins. Co.*, 253 F.3d 533, 536 (9th Cir.2001). As to these, we may reverse only if we find both error and prejudice. *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 888(9th Cir.1991). The prejudice must have, more probably than not, tainted the jury's verdict. *Id.*

---

3. Affirmative defense # 4 asserted that Geurin's injuries were "solely caused by superseding and/or intervening causes." Affirmative defense # 10 asserted that "fryers manufactured and sold by defendants to plaintiff's employer did not proximately cause plaintiff's alleged injuries."

4. When Winston pointed out to the court that this testimony had been previously excluded by it, and objected to at pre-trial conference, the court said that it had not. Upon being shown the objections in the record, the court then considered and rejected them.

## II.

### A. *The Partial Summary Judgment*

■ In 1986, Washington enacted a tort reform statute that abolished joint and several liability, and replaced it with "proportionate liability." Wash. Rev. Code § 4.22.070. *See also* Stewart A. Estes, *The Short Happy Life of Litigation Between Tortfeasors: Contribution, Indemnification and Subrogation After Washington's Tort Reform Acts*, 21 SEATTLE U.L. REV. 69, 70 (1997). "Under [this] statute, any party to a proceeding can assert that another person is at fault." *Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wash. App. 507, 887 P.2d 449, 452 (1995) (citing *Adcox v. Children's Orthopedic Hosp. and Med. Ctr.*, 123 Wash.2d 15, 864 P.2d 921 (1993)).[5] If a party does so, "the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW." Wash. Rev. Code § 4.22.070(1).[6] If a party other than the plaintiff proves fault that is a proximate cause of the plaintiff's damages, "his or her fault ... operates to reduce the 'proportionate share' of damages that the plaintiff can recover from those against whom the plaintiff has claimed." *Mailloux*, 887 P.2d at 452.

Winston asserted as one of its affirmative defenses that several entities, not sued by Geurin, were at fault for Geurin's injuries.[7] Winston asked the district court to apportion fault and reduce its damages by those entities' share of Geurin's total damages. *See id.*

The district court, however, dismissed this defense. First, it held that two of the entities named by Winston were immune under Washington's workman's compensation statute (Title 51) and, therefore, specifically exempted by Wash. Rev. Code § 4.022.070 from a finding of proportionate fault.

■ These two entities were Spokane, Inc. and David Moyer. The district court "found" that Geurin had "met his burden of establishing that Spokane, Inc. is Mr. Geurin's employer." In the face of Winston's contrary evidence, only such a "finding" of fact would enable the court to reach this result. On summary judgment, however, such a finding is inappropriate. As to Moyer, the court held that, although there were issues of material fact as to whether he was an independent contractor—and, therefore, not immune under Title 51—he was, nonetheless, entitled to Title 51 immunity as a "co-worker." This "finding" is tainted by the prior finding that Spokane, Inc. is Geurin's employer. We therefore hold that on the current record, the questions whether Spokane, Inc. was the employer and Moyer a co-worker should have gone to the jury, and the jury should have been instructed that if they were employer and co-worker no part of the liability could be allocated to them.

---

5. "Only the plaintiff, however, can assert that another person is *liable* to the plaintiff." *Mailloux*, 887 P.2d at 452 (emphasis added). "If a party other than the plaintiff proves fault that is a proximate cause of the plaintiff's damages, the person at fault is not liable to the plaintiff-the plaintiff has made no claim against him or her." *Id.*

6. Title 51 is Washington's workman compensation statute (immunizing employers from civil suit for nonintentional injuries suffered at the workplace). Other immune parties, however, may be named and fault apportioned to them. Wash. Rev. Code § 4.22.070(1).

7. Winston named Valenti Enterprises, Inc., Kentucky Fried Chicken, Northwest Restaurant, Inc., KFC/Sam Sibert, Valenti Management, Spokane, Inc., Matt Jankowski, and David Moyer d/b/a/ Side Show Repair Company.

■ As to the other entities, the district court held that Winston failed to identify any duty they owed Geurin, or to do more than speculate as to how they breached this duty.[8] We find this conclusion especially troubling. First, in apportioning responsibility for Geurin's damages, Wash. Rev. Code § 4.22.070(1) requires that the fault of every entity that caused Geurin's damages shall be considered, except those immune under Title 51. In this analysis, the existence of a duty turns, as Justice Cardozo stated long ago in *Palsgraf v. Long Island Ry. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928), on the foreseeability of the consequences of an act. That is, duty exists where the risk of a harm occurring is a foreseeable consequence of an actor's behavior. *Id.* The risk of harm imposes upon the actor a duty to act in such a way as to minimize that risk. *Id.* Where the actor does not do so, and his actions cause injury, he has breached his duty to the one who subsequently suffers the foreseeable harm. *Id.*

■ Thus, actions that cause foreseeable harm constitute "fault" under Washington's proportionate liability statute, and the statute provides a basis for apportioning responsibility to the actor for that fault. Accordingly, Winston is entitled under basic common law principles to attempt to prove that the "empty chairs" it has named are at fault because they acted or failed to act in a way that created a foreseeable risk of harm and ultimately caused injury to Geurin (except, again, for any entity or person immune under Title 51). Under these circumstances, it was error to cut off Winston's ability to marshal the evidence to do so.

**B. The Evidentiary Errors**

**1. The Exclusion of the Evidence Regarding Maintenance**

Unfortunately, the parties' pre-trial focus on third-party liability, as raised by affirmative defense # 6 led the district court to commit evidentiary error during the trial as well. At trial, the district court excluded all evidence concerning the maintenance, or lack thereof, of the fryer during its thirteen years of use prior to Geurin's accident. The court excluded this evidence on the theory that it would "pertain to" the issue of third-party liability, the dismissed affirmative defense.

■ This was error. Even if the dismissal of the defense of third-party liability had been correct, the evidence of third-party "fault" would still have been admissible to negate an essential element of the plaintiff's case—proximate cause.[9] *Edgar v. City of Tacoma*, 129 Wash.2d 621, 919 P.2d 1236, 1241 (1996) (evidence of third party's negligence relevant to find which entities were at fault and proximately caused plaintiff's injuries); *Lamborn v. Phillips Pac. Chem. Co.*, 89 Wash.2d 701, 575 P.2d 215, 219 (1978) (evidence of a third party's actions is admissible to prove the defendant's denial of responsibility).

In order to prevail, Geurin had to prove that Winston defectively designed the fryer, and that this defect proximately caused his injuries. Winston defeats this claim if it proves that its fryer was not

---

**8.** Although there were two months remaining in the scheduled discovery period, the district court denied Winston's request to postpone resolution of Geurin's motion for summary judgment so that it could conduct further discovery into third-party liability. The district court refused because the case had been pending for over a year at that time.

**9.** Winston framed this issue as an *affirmative* defense ("fryers manufactured and sold by defendants to plaintiff's employer did not proximately cause plaintiff's alleged injuries"), but, in fact, a denial that its fryer proximately caused Geurin's injuries simply asserts that Geurin cannot prove an essential element of *his* case.

defectively designed, *or* that, even if defective, the defect did not proximately cause Guerin's injuries. Thus, Winston was entitled to introduce any and all competent evidence relevant to the issue of whether the design of its fryer proximately caused the lid to prematurely open and hot oil to injure Geurin, including evidence that it was the actions of third parties that caused the lid to prematurely open. *Id.* Such evidence does not "pertain to" third-party liability, as the district court ruled, but goes to *negate* an essential element of plaintiff's case—proximate cause. If the actions or inactions of third parties were the reason that the lid flew open, then these actions were the cause of the accident, not Winston's design of the fryer. In that event, defective or not, the design of Winston's fryer did not legally cause the accident and Geurin's claim is defeated for failure of proof of the essential element of proximate cause.[10]

The district court's dismissal of Winston's affirmative defense of third-party liability meant that Winston could not attempt to prove that there were third parties who had a duty to plaintiff that they breached, causing Geurin's injuries. Whatever the merits of that holding, it is totally irrelevant to the issue of Winston's right to defend itself by disproving an essential element of Geurin's claim—proximate cause. If third parties by their actions—performed carefully, negligently, intentionally or otherwise—were the sole proximate cause of Geurin's injuries, then Winston is not liable for those injuries. Even evidence that improper maintenance or repair on the part of the most clearly immune party, Geurin's employer, was the

cause of the failure of a properly manufactured cooker was admissible—not as proof of liability on the part of the employer, but as proof that no wrongdoing on the part of Winston caused the injury. *Id.*

The district court's exclusion of Winston's evidence of improper maintenance of the fryer was also highly prejudicial to Winston and likely tainted the jury's verdict. First, it impacted Winston's ability to prove that the safe life of the fryer had been extinguished by improper re-manufacture of the fryer (replacement of the pressure lid lock with a cam lid lock). Second, although the jury ultimately found a design defect was the sole proximate cause of the accident, the district court seems to have preordained that result by preventing Winston from providing the jury with an alternative explanation (improper maintenance). Without such an alternative, the jury was left with only one explanation for the event—design defect coupled with some plaintiff negligence. Thus, we conclude that the exclusion of this evidence tainted the verdict and was an abuse of discretion.

### 2. *The Admission of the Evidence of Other Accidents*

Finally, Winston complains that in addition to excluding the testimony of its investigators regarding proximate cause, the district court then allowed Geurin to admit portions of their depositions in which they testified regarding their investigations of other accidents involving Winston-manufactured fryers. Winston contends that permitting the introduction of this deposition testimony was unfairly prejudicial in

---

**10.** The district court appears to have ruled that Winston's evidence of improper maintenance was irrelevant to the issue of proximate cause itself. ("I don't think maintenance in the defense case has anything to do with proximate cause.") Apparently, this ruling was the result of Winston's contention that

Geurin caused the accident by improperly securing the lid prior to pressurizing the fryer. The ruling was error, however, because Winston also clearly maintained that improper maintenance was a cause of the accident as well.

that it allowed the jury to infer that Winston fryers had been involved in numerous other accidents.

In considering this issue, we note first that the district court originally granted Winston's motion *in limine* and excluded this testimony. At trial, it permitted the testimony over objection. While we find no error in the district court's original decision that the prejudicial effect of the evidence outweighed its probative value, we note only that events during trial can make even the most apparently irrelevant evidence become relevant. Since this case is to be retried on liability, we assume that the district court will make the proper ruling should this issue re-occur.

### III.

Since Washington law permits Winston to prove that third parties in empty chairs at trial not immune under Title 51 caused some portion of Geurin's injuries, the district court incorrectly dismissed this affirmative defense and prematurely cut off Winston's ability to marshal facts in support of this contention. Evidence of these entities' fault, as well as that of entities immune under Title 51, was also admissible to negate proximate cause in Geurin's case. Evidence of other accidents involving Winston-manufactured fryers, while not relevant to this claim, may become so if events at trial dictate.

Accordingly, the partial summary judgment and the final judgment are VACATED. The case is REMANDED for further proceedings consistent with this opinion. Costs to be borne by appellee.