**MAXNER COMPANY LTD, a Taiwan Corporation, Plaintiff—Appellant,**

v.

**COSTCO WHOLESALE CORPORATION, a Washington Corporation, Defendant—Appellee.**

No. 03–35865.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided July 12, 2004.

Lois Meltzer, Sinsheimer & Meltzer, Inc., P.S., Seattle, WA, for Plaintiff–Appellant.

Warren J. Rheaume, Sage Reeves, Esq., Heller Ehrman White & McAuliffe, LLP, Seattle, WA, for Defendant–Appellee.

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

Appellant Maxner Co. appeals the district court's dismissal under Federal Rule of Civil Procedure 52(c) of its claim that Costco intentionally interfered with Maxner's contract with a third party, Chrisha Creations, Ltd. We affirm the district court.

Under Washington law, the tort of intentional interference with a contractual relationship is comprised of five elements:

(1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage.

*Leingang v. Pierce County Medical Bureau, Inc.*, 131 Wash.2d 133, 930 P.2d 288, 300 (Wash.1997). In dismissing the claim following the presentation of Maxner's case at trial, the district court ruled that Maxner presented no evidence as to the second and fourth elements of intentional interference with a contractual relationship. Following this ruling from the bench, the court also issued a written order setting out its findings of fact and conclusions of law which mandated a 52(c) judgment in Costco's favor.

We do not find error with either conclusion. As the district court reasoned, Costco did not act by improper means in rejecting the dancing Easter bunnies it had obtained from Chrisha, which Chrisha had Maxner manufacture to Costco's specifications. In rejecting the bunnies, Costco acted pursuant to a clause in its contract with Chrisha, which allowed Costco to revoke acceptance of any merchandise that is later discovered to "allegedly contain any defect." Chrisha concurred in Costco's decision and agreed to accept return of the bunnies. Acting pursuant to a clear and valid contract clause is not interference through improper means. *Pleas v. City of Seattle*, 112 Wash.2d 794, 774 P.2d 1158, 1163 (Wash.1989). As to the knowledge element, Maxner did not present sufficient evidence of Costco's awareness of Maxner at the time of its decision to reject the bunnies. Since the decision to reject the bunnies occurred prior to Maxner's letter offering to cure any defects in the bunnies, the district court did not abuse its discretion in excluding the letter to demonstrate Costco's knowledge. *Fisher v. Parkview Props., Inc.*, 71 Wash.App. 468, 859 P.2d 77, 84 (Wash.Ct.App.1993). Moreover, since Maxner failed to present evidence of improper means, any error as to the admissibility of the letter was not prejudicial. *Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 882 (9th Cir.2002).

Finally, the district court did not abuse its discretion in limiting the relevance of Chrisha's assignment to Maxner of Chrisha's letter of credit from Costco since Maxner failed to allege any additional relevance or theories as to this letter in its

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**904**

pleadings or pretrial order. *Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 548 (9th Cir.1985).

AFFIRMED.

GOULD, J., concurring:

I concur in the Court's judgment, and in that part of the memorandum disposition which holds that there was no evidence that Costco used improper means. The Court correctly states the Washington law elements of the tort of intentional interference with contractual relationship. I part company with the Court's assessment about the second element, to effect that because Costco's rejection of the defective bunnies occurred before Costco received Maxner's letter, there was no knowledge of the contract relationship. In my view, Costco knew that some party had manufactured the bunnies, and I would read the knowledge element more expansively to permit the tort to be assessed after Costco received Maxner's letter. At that time, I believe Costco had a duty to Maxner.

However, in light of Costco's contract with Chrisha, and the other evidence adduced at trial by Maxner, I agree with the panel disposition's reasoning that the fourth element wasn't met. As I understand the record, and the rights of Costco under its contract, I cannot conclude that the evidence presented by Maxner at trial established either an improper purpose of Costco or that Costco used an improper means. Accordingly, the claimed tort of interference with contract fails, and I concur that the district court's judgment must be affirmed.