**Harel ZAHAVI, individually, d/b/a Goldi Ice Cream, a sole proprietorship, Plaintiff–Appellant,**

v.

**WELLS DAIRY, INC., an Iowa corporation, Defendant–Appellee.**

No. 05–55797.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 10, 2007.*

Filed April 13, 2007.

Robert M. Ungar, Esq., O'Laverty & Ungar, Carlsbad, CA, for Plaintiff–Appellant.

G. Howden Fraser, Esq., Rintala, Smoot, Jaenicke & Rees, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY and SILVERMAN, Circuit Judges, and JONES,** District Judge.

## MEMORANDUM ***

Harel Zahavi d/b/a Goldi Ice Cream appeals the district court's partial summary judgment in favor of Wells Dairy, Inc. in Zahavi's action for breach of contract. The remaining claims were voluntarily dismissed, so we have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 882 (9th Cir.2002), we affirm the decision of the district court. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Section 2 in each of the parties' Master Vendor Agreements provides that upon expiration of the agreements' initial three-year duration period, the agreements will renew automatically unless one of the parties gives written notice of its intention to terminate at least thirty days prior to the end of the term. Because Wells provided notices of termination in accordance with section 2, we conclude that Wells's terminations did not breach the parties' agreements.

We reject Zahavi's argument that evidence of the parties' course of dealing is admissible to demonstrate that the agreements could be terminated only for cause. Under Iowa law, which governs the agreements, a fully integrated contract may not be contradicted by evidence of a prior or contemporaneous agreement. Iowa Code § 554.2202. The Master Vendor Agreements, which are fully integrated contracts,[1] require only that the parties provide written notice if they intend to terminate the agreements upon expiration of the initial three-year duration period. Any evidence of the parties' course of dealing that would impose a for-cause termination requirement at the end of the initial term contradicts the parties' express agreement and, therefore, is inadmissible. *See id.*

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert Clive Jones, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The agreements "constitute[ ] the entire agreement between the parties and will not be amended, except by written instrument signed by both parties."