*214 MEMORANDUM **
Etta M. Collier appeals pro se from the district court’s sua sponte summary judgment for defendant in her diversity action challenging an arbitration award. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Geurin v. Winston Indus., Inc., 316 F.3d 879, 882 (9th Cir. 2002). We affirm.
The district court properly granted summary judgment because Collier waived any challenge to the arbitration agreement after initiating, and fully participating in, arbitration proceedings. See Nghiem v. NEC Elec., Inc., 25 F.3d 1437, 1440 (9th Cir.1994) (“[A] party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result.”); see also United States v. 14.02 Acres of Land, 547 F.3d 943, 955-56 (9th Cir.2008) (concluding that sua sponte summary judgment is appropriate where there are no outstanding issues of fact and where the losing party had reasonable notice that the sufficiency of his claims will be in issue). Further, the district court properly concluded that Collier did not meet the statutory requirements to vacate or modify the arbitrator’s decision. See 9 U.S.C. §§ 10, 11; see also Kyocera Corp. v. Prudential-Bache Trade Servs., 341 F.3d 987, 997-98 (9th Cir.2003) (a court may only modify or vacate an arbitration award to “correct a technical error, ... strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and ... vacate an award that evidences affirmative misconduct in the arbitral process or final result that is completely irrational or exhibits a manifest disregard for the law.”).
Collier’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.