**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELROY W. BROWNING, | No. 08-15839 |
| Plaintiff - Appellant, | D.C. No. 1:05-CV-00342-AWI-GSA |
| v. | |
| JEANNE S. WOODFORD; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Submitted January 20, 2010 [**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

Plaintiff-appellant Elroy W. Browning ("Browning") appeals pro se from a

jury verdict in favor of defendants-appellees Sergeant Castro, Officer Jackson and

Officer Lopez (collectively "the Defendants"). The Defendants prevailed at trial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

when the jury determined that Browning's constitutional rights had not been violated when the Defendants sprayed Browning with pepper spray while he was incarcerated.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm the rulings of the district court and deny Browning's motion for reconsideration of the jury verdict.

The facts of this case are known to the parties. We repeat them only as necessary.

**I**

We review a district court's rulings concerning discovery for an abuse of discretion. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084 (9th Cir. 2003). A district court's decision "to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Id*. at 1093.

We also review evidentiary rulings for an abuse of discretion. *Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 882 (9th Cir. 2002). We will only reverse a district court's evidentiary rulings if the alleged errors would "have, more probably than not, tainted the jury's verdict." *Id*.

We review issues raised for the first time on appeal only under certain narrow circumstances: "(1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law." *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (citation omitted).

## II

The district court acted within its discretion by declining to order the issuance of subpoenas for the production of operational procedures concerning the pepper spray training that California prison officials receive and personnel records regarding prior allegations of prisoner mistreatment by the defendants. Browning was given additional time to demonstrate his entitlement to the requested documents and failed to do so within that extension. Browning has not shown that the district court abused its discretion in refusing to order the subpoenas. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

## III

The district court acted within its discretion by excluding Exhibit 1 ("Health Care Services Policy of Chronic Lung Disease") as irrelevant because the exhibit is not probative of whether Browning suffered harm from the pepper spray and

Browning made no other allegation as to how the guide for registered nurses bore upon the Defendants. *See* Fed. R. Evid. 402.

The district court acted within its discretion by excluding Exhibits 2 ("Rule Violation Report and I.E."), 4 ("Declaration of A. Parra"), 7 ("Inmate Stephens 602 Complaint") and 15 ("602 Complaint") as inadmissible hearsay pursuant to Federal Rule of Evidence 802. All four exhibits contain out-of-court statements that were offered into evidence to prove the truth of the matters asserted in them.

The district court acted within its discretion by excluding Exhibit 9 ("Memorandum Door Kicking Policy Warden A.K. Scribner") because the exhibit was offered in an attempt to introduce evidence of a subsequent remedial measure to prove culpable conduct in violation of Federal Rule of Evidence 407.

The district court acted within its discretion by excluding Exhibit 10 ("Title 15 California Code of Regulation Policy") as irrelevant. *See* Fed. R. Evid. 402. To the extent that Title 15 of the California Code of Regulation Policy bore upon Browning's § 1983 claim, it could have been included in the jury instructions.

The district court acted within its discretion by excluding Exhibits 16 ("Medical Profile of Plaintiff's Injuries"), 21 ("602 Complaint of Plaintiff's Injuries"), 28 ("Medical Injuries of Breathing Issues"), 29 ("Medical Records (part 2)") and 30 ("Medical Records (part 3)"). The exhibits were not probative of

4

whether Browning suffered any injury from the pepper spray because the exhibits concern his health condition during a time period more than a year after he was sprayed. The only exception is the June 22, 2004, Health Care Services Request form, which is inadmissible hearsay. The other exhibits are also filled with inadmissible hearsay and are generally irrelevant to Browning's case. *See* Fed. R. Evid. 402, 802.

The district court acted within its discretion by excluding Exhibit 31 ("Plaintiff's Pretrial Dispositive Motion") because the exhibit is inadmissible hearsay. Fed. R. Evid. 403.

## IV

We do not review Browning's contention that the district court should have appointed an expert witness to testify about his exposure to the pepper spray. Browning raises the issue for the first time on appeal because there is no indication in the record that he ever requested such expert witness testimony during his trial. No "miscarriage of justice," *Kimes*, 84 F.3d at 1126, resulted from the district court's failure to sua sponte appoint an expert witness.

## V

The district court acted within its discretion by not admitting new evidence containing a diagram of Browning's cell door. The record does not show that this

evidence was ever offered to the district court after the trial. Even if it was properly offered, Browning has not satisfied the criteria for post-trial newly discovered evidence because the diagram could have been made before or during the trial and Browning makes no showing that the diagram would "likely have changed the outcome of the case." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000).

## VI

To the extent that Browning moves for reconsideration of the jury's verdict pursuant to Federal Rule of Civil Procedure 60(b), we deny that motion. Browning's motion is made for the first time on appeal and Browning has failed to show that the jury verdict was not supported by "substantial evidence." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1008 (9th Cir. 2004).

## VII

Browning's assertion that he is entitled to an award of damages despite the jury verdict in favor of the Defendants is frivolous. Browning is not entitled to damages in the complete absence of a determination of liability by the fact finder. *See Smith v. Wade*, 461 U.S. 30, 52 (1983).

**AFFIRMED; Browning's Rule 60(b) motion is DENIED.**