**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARY ZEITCHICK; JOE ZEITCHICK, | No. 10-16631 |
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-00138-ECR-VPC |
| v. | |
| CAROL LUCEY; HELAINE JESSE; WESTERN NEVADA COMMUNITY COLLEGE FOUNDATION; DAVID ROLLINGS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted June 29, 2012[**]
San Francisco, California

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Plaintiff Joe Zeitchick appeals various decisions of the district court in his 42 U.S.C. § 1983 action against Western Nevada Community College ("WNCC") officials alleging retaliation in violation of the First Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

# I

Zeitchick first challenges the district court's grant of partial summary judgment on qualified immunity grounds for his First Amendment claim that defendants ceased negotiations with him in retaliation for his protected speech. We review de novo a grant of summary judgment on the grounds of qualified immunity. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1134 (9th Cir. 2009). Summary judgment is appropriate if, when the evidence is viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1135. "We may affirm on the basis of any ground supported by the record." *Id.*

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). An official is entitled to qualified immunity unless: 1) the plaintiff shows that the government official violated a constitutional right; and 2) that right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson*, 555 U.S. at 233.

Here, the district court held that the cessation of negotiations was not a violation of a First Amendment right and that there was not a clearly established right to be free from retaliatory cessation of negotiations. We hold that there is no clearly established First Amendment right against the retaliatory cessation of negotiations.

For a right to be clearly established, the contours of that right must be sufficiently clear such that a reasonable official would understand that his action violates that right. *Wilson v. Layne*, 526 U.S. 603, 615 (1999). In other words, the right in question must not be a broad general proposition; rather, it "must be defined at the appropriate level of specificity before a court can determine if it was clearly established." *Id.* (holding that the general Fourth Amendment prohibition on warrantless entries into the home did not clearly establish that an officer would violate that right by allowing a media observer to enter a home during the execution of a warrant). Therefore, where a case "does not involve the mere

3

application of settled law to a new factual permutation" and involves "unsettled questions about the First Amendment interests implicated," the law is not clearly established. *See Porter v. Bowen*, 496 F.3d 1009, 1026 (9th Cir. 2007) (holding that the application of First Amendment doctrine to vote swapping was not clearly established where no court had ever addressed the issue and the area of the law was unsettled).

In the context of the First Amendment, a government official is prohibited from denying a person a valuable government benefit on a basis that infringes his constitutionally protected interest in freedom of speech. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). However, the contours of what constitutes a valuable government benefit are not clear. This Court and the Supreme Court have held that employment and quasi-employment contracts are valuable government benefits. *See Bd. of Cnty. Comm'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 674 (1996) (independent government contractor); *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 714-15 (1996) (independent government contractor); *Rivero v. City & Cnty. of San Francisco*, 316 F.3d 857, 863 (9th Cir. 2002) (independent government contractor); *Hyland v. Wonder*, 117 F.3d 405, 410, 412 (9th Cir. 1997) (highly-placed government volunteer). But, in *Umbehr*, the Supreme Court expressly limited its holding regarding valuable government

4

benefits to situations where there was a pre-existing commercial relationship. 518 U.S. at 685. Furthermore, there is no case that has since clarified whether such a relationship is necessary to trigger First Amendment liability. Therefore, this case does not involve the mere application of settled law to a new factual situation and involves unsettled questions about the First Amendment interests implicated here. Accordingly, the law is not clearly established regarding whether the cessation of negotiations or designs for the government to build a sound wall on its property is the denial of a valuable government benefit when there is no pre-existing commercial or employment-like relationship.

We therefore affirm the district court's grant of partial summary judgment.

## II

The district court properly granted summary judgment in defendants' favor on Zeitchick's claim that defendants deliberately increased the running of an air conditioning unit near his home in retaliation for his protected First Amendment activities. Defendants produced evidence that the increase in the air conditioner's operation was the result of a WNCC employee's oversight and not deliberately intended to harass Zeitchick. Zeitchick did not produce evidence to controvert defendants' evidence that the air conditioner's increased operation was a mistake. The evidence therefore does not create a genuine issue of material fact, and

summary judgment therefore was proper. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**III**

The district court did not abuse its discretion in denying Zeitchick's motion under Federal Rule of Civil Procedure 60(b) because Zeitchick failed to file it "within a reasonable time." *See* Fed. R. Civ. P. 60(c); *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (upholding district court's denial of a Rule 60(b) motion filed "more than 30 days" after the relevant order). In addition, the district court correctly concluded that Zeitchick's Rule 60(b) motion was not the proper vehicle for presenting arguments and evidence that should have been raised in his initial opposition to summary judgment. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

**IV**

The district court properly denied Zeitchick's motion *in limine* asking the court to preclude defendants from presenting evidence that Zeitchick's $2,750 check and $50,000 pledge to WNCC were gifts. Whether Zeitchick had formed a contract with WNCC was a question of fact, and the central issue in resolving that factual question was whether Zeitchick's monetary contributions were charitable donations or consideration for a valid contract. *See Certified Fire Prot. Inc. v.*

6

*Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012) (holding that consideration is required in order to form an enforceable contract and that the issue of whether a contract exists is a question of fact). Defendants had the right to present evidence concerning this issue for the jury to decide whether there was consideration. *See Geurin v. Winston Industries, Inc.*, 316 F.3d 879, 884-85 (9th Cir. 2002) (holding that defendant has a right to introduce evidence to negate an essential element of plaintiff's cause of action).

Finally, the jury instructions "fairly and correctly" covered the applicable substantive law. *See Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1092-93 (9th Cir. 2007).

**AFFIRMED.**

7