**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MARTIN, | No. 10-56705 |
| Plaintiff - Appellant, | D.C. No. 3:03-cv-01788-IEG-WMC |
| v. | |
| COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; ROLAND MAUS, Detective, | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| ELIZABETH SILVA, Deputy District Attorney, aka D. Elisabeth Silva; WILLIAM A. PHILLIPS; ANDY'S ORCHIDS, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted March 7, 2013
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS and HURWITZ, Circuit Judges, and BEISTLINE, Chief District Judge.[**]

David Martin appeals from a judgment entered by the district court in favor of the County of San Diego and Roland Maus, a San Diego County Sheriff's Detective, on Martin's 42 U.S.C. § 1983 and related state law claims.

Martin's complaint alleged that Maus violated the Fourth Amendment by submitting a misleading affidavit in support of a search warrant. This court vacated a summary judgment previously entered in favor of the County and Maus, holding that the omission of four facts from the search warrant affidavit prevented summary disposition of the § 1983 claims. *Martin v. County of San Diego*, No. 06-56537, 2009 WL 631356, at *1-2 (9th Cir. Mar. 12, 2009) (mem.).

On remand, the district court again granted summary judgment to the County on Martin's § 1983 claims, finding that the County neither ratified nor was otherwise responsible for Maus' alleged conduct. The remaining claims were tried to a jury, which issued a verdict rejecting the § 1983 and state law claims against Maus and the remaining state law claims against the County.

On appeal, Maus challenges only the adverse § 1983 judgments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**]The Honorable Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

1. Martin's chief argument is that the district court incorrectly instructed the jury to determine whether Martin knew that the four facts omitted from the affidavit were true but omitted them with deliberate falsehood or recklessly failed to include them. Martin offered an instruction addressing these four omissions, but which also ended with a general statement that "[t]hese findings of facts and law do not preclude the jury from finding that other additional facts were omitted and/or misstated." In a preliminary discussion, the district court indicated that it was not inclined to include this vague language in the instructions. Three days later, the court submitted special verdicts to the jury seeking findings only about the four omissions.

Martin did not offer a specific objection to the "four omissions" instruction, nor did he seek special verdicts about the "additional facts" he now contends supported a § 1983 claim. Thus, even assuming that our prior decision did not limit the issues on remand to the four identified omissions, Martin has not preserved for appeal an objection to the instruction. *See* Fed. R. Civ. P. 51(c)(1); *Voohries-Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713-14 (9th Cir. 2001). The request for the "catch-all" language was correctly rejected by the district court because it did not identify the omissions or misstatements Martin contends were material for jury decision.


2. Martin also argues that the district court erred in refusing to instruct the jury that defendants had to prove entitlement to qualified immunity. The court did not err.

3

"[E]mployees are not entitled to qualified immunity on judicial deception claims." *Chism v. Washington*, 661 F.3d 380, 393 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1916 (2012). Rather, the qualified immunity question – the determination of whether a reasonable officer should have known that he was violating the plaintiff's constitutional rights – is intertwined with whether the defendant acted recklessly or dishonestly. *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002).

3. Martin argues that other instructions were incorrect. Taken as a whole, however, we find the instructions are not "misleading or inadequate to guide the jury's deliberation," *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000), and accordingly hold that the district court did not abuse its discretion in instructing the jury.

4. Martin challenges the district court's decision to admit expert testimony about police policies and procedures. We review that evidentiary ruling for abuse of discretion, *United States v. Rahm*, 993 F.2d 1405, 1409-10 (9th Cir. 1993), and find none. The expert's testimony potentially assisted the jury in considering the issues, *see* Fed. R. Evid. 702, and the district court avoided any undue use of that testimony by instructing the jury that "a peace officer may not justify his conduct on grounds that his conduct was in conformity with the policy or practice of his department."

4

5. Martin urges various errors in the district court's admission and exclusion of evidence. "The district court's alleged evidentiary errors are reviewed for abuse of discretion." *Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 882 (9th Cir. 2002). "As to these, we may reverse only if we find both error and prejudice. The prejudice must have, more probably than not, tainted the jury's verdict." *Id.* (citation omitted). Given the wide latitude afforded district courts in evidentiary matters, *see United States v. Payne*, 944 F.2d 1458, 1469 (9th Cir. 1991), we find no abuse of discretion; in any event, Martin does not demonstrate the requisite prejudice from any alleged error.

6. Martin next argues that the district court erred in awarding costs. Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). We find no abuse of discretion here. Martin's argument for avoiding costs rests largely on the supposed merits of his claims, a position which the jury verdict specifically rejected.

7. Finally, Martin challenges the district court's grant of summary judgment to the County. But the judgment in favor of Maus moots this issue. A municipality

5

is not liable "based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

**AFFIRMED.**