NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URBAN TEXTILE, INC., a California Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>RUE 21, INC.; MARK-EDWARDS APPAREL, INC.,<br><br>Defendants-Appellees. | No.   17-56749<br><br>D.C. No.<br>2:14-cv-08285-ODW-FFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 5, 2019**
Pasadena, California

Before:  FERNANDEZ and OWENS, Circuit Judges, and DONATO,*** District
Judge.

Plaintiff Urban Textile, Inc. ("Urban") appeals from the district court's order

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

granting partial summary judgment to defendants Mark Edwards Apparel, Inc. and Rue 21, Inc. on Urban's copyright infringement claim for eleven fabric designs. Because the parties are familiar with the facts, they will not be recounted here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review a grant of partial summary judgment de novo. *Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 882 (9th Cir. 2002). The district court did not err in concluding that Urban published the subject designs prior to registering them with the Copyright Office as unpublished works. The district court relied on an evidentiary presumption imposed against Urban as a discovery sanction, which deemed established that Urban had placed copies of each of the subject designs in its "Look Books" that were made available to potential customers for the purpose of soliciting purchases of fabric bearing the subject designs. Urban has not challenged the district court's imposition of the presumption.

The district court properly concluded that the inclusion of the subject designs in Urban's Look Books constituted "publication" under the Copyright Act. *See* 17 U.S.C. § 101 ("publication" includes "[t]he offering to distribute copies . . . to a group of persons for purposes of further distribution"); United States Copyright Office, *Compendium of U.S. Copyright Office Practices* § 1906.1 (3d ed. 2017) ("[P]ublication occurs when one or more copies . . . are offered to a wholesaler, a retailer . . . or similar intermediaries for the purpose of distributing

the work to the public," and when, for example, "fabric, carpet, or wallpaper samples are offered to sales representatives for the purpose of selling those works to wholesalers and retailers.").

**AFFIRMED**.