**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF FERAS MORAD; AMAL ALKABRA; AMR MORAD, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF LONG BEACH; ROBERT LUNA, Chief of Police for the LBPD, official capacity; MATTHEW HERNANDEZ, employee of the LBPD, <br><br> Defendants-Appellees. | No. 18-56586 <br><br> D.C. No. 2:16-cv-06785-MWF-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 14, 2020
Pasadena, California

Before: BYBEE and COLLINS, Circuit Judges, and MOSKOWITZ,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Plaintiffs-Appellants Estate of Feras Morad, Amal Alkabra, and Amr Morad appeal following a jury trial in their civil case against the City of Long Beach; Robert Luna, Chief of Police of the Long Beach Police Department (LBPD); and Officer Matthew Hernandez. Because the parties are familiar with the facts, we will not recite them here except where necessary. We affirm.

Evidentiary rulings are reviewed for abuse of discretion, *see Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 882 (9th Cir. 2002), as is a denial of a new-trial motion, *see Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1372 (9th Cir. 1987). A court abuses its discretion if it either fails to apply the correct rule or applies that rule in a way that is "illogical," "implausible," or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks omitted). Further, to reverse on the basis of an erroneous evidentiary ruling, we must conclude not only that the district court abused its discretion, but also that the error was prejudicial. *See Geurin*, 316 F.3d at 882.

Grants of summary judgment are reviewed de novo. *See Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam).

1.      The district court did not abuse its discretion when it denied Plaintiffs' motion for a new trial after the jury was exposed to extraneous evidence. "A

defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is a reasonable possibility that the extrinsic material could have affected the verdict." *Dickson v. Sullivan*, 849 F.2d 403, 405 (9th Cir. 1988) (emphasis omitted) (internal quotation marks omitted). We have articulated a non-exhaustive list of factors for district courts to consider in making this determination, which includes "(1) whether the material was actually received, and if so how; (2) the length of time it was available to the jury; (3) the extent to which the [jury] discussed and considered it; (4) whether the material was introduced before a verdict was reached, and if so at what point in the deliberations," *Marino v. Vasquez*, 812 F.2d 499, 506 (9th Cir. 1987), "[5] whether the prejudicial statement was ambiguously phrased; [6] whether the extraneous information was otherwise admissible or merely cumulative of other evidence adduced at trial; [7] whether a curative instruction was given or some other step taken to ameliorate the prejudice; [8] the trial context; and [9] whether the statement was insufficiently prejudicial given the issues and evidence in the case," *Jeffries v. Wood,* 114 F.3d 1484, 1491–92 (9th Cir. 1997) (en banc) (internal footnotes omitted), *abrogated on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012). Here, the district court found that the inadmissible recordings that were mistakenly given to the jury could not have affected the jury's verdict.

3

The district court focused its analysis on three of the above-cited factors: (1) the inadmissible recordings were cumulative and "added nothing that the jury did not already know," (2) the curative instruction given to the jury was sufficient to correct any possible prejudice, and (3) "[b]oth sides were at fault" for the error in sending a disk containing the inadmissible recording to the jury.[1]  Though some of the other *Marino* and *Jeffries* factors do support a finding that the recordings could have affected the verdict, the factors relied upon by the district court weigh more heavily in the opposite direction, and the district court did not abuse its discretion in denying the motion for a new trial.

2.     The district court did not abuse its discretion when it excluded the majority of juror Robert Shudic's declaration under Federal Rule of Evidence 606(b).  Rule 606(b) prohibits jurors from testifying about their deliberations with limited exception.  Fed. R. Evid. 606(b).  One exceptions is that "[a] juror may testify about whether . . . extraneous prejudicial information was improperly brought to the jury's attention."  Fed. R. Evid. 606(b)(2)(A).  However, this exception does

---

[1] This mistake was not discovered during trial because when entering the recordings into evidence, Defendants played them from a computer and not from the CD placed into evidence as Exhibit 363.  We note that it is a best practice for parties to play the *actual exhibit* during trial and not a secondary copy of the exhibit.  Had Defendants played Exhibit 363—either as their own best practice, or because it was required by the district court or insisted upon by Plaintiffs—the mistake would have been discovered before the exhibit was given to the jury.

not allow a court to "investigate the subjective effects of any [extrinsic evidence] upon the jurors. Rather, the trial court's factual inquiry is limited to determining the extent, if at all, to which the jurors saw or discussed the extrinsic evidence." *Dickson*, 849 F.2d at 406 (alteration in original) (citations and internal quotation marks omitted). Here, the trial court admitted those portions of the affidavit that "provide[d] that the jury listened to the" inadmissible recordings, but excluded the rest because "it goes to the subjective effect of" those recordings on the jury. Although admitting Shudic's statements about how many times the jury heard the inadmissible recordings or how closely they listened might have been within Rule 606(b), any error was not prejudicial because the district court properly concluded that the inadmissible recordings "added nothing that the jury did not already know."

3. The district court did not abuse its discretion when it denied Plaintiffs' motion for a new trial on the ground that the verdict was against the clear weight of the evidence. A denial of a new-trial motion may be reversed if the trial court "weighs the evidence explicitly against the wrong standard, i.e., substantial evidence or preponderance of the evidence." *Landes*, 833 F.2d at 1372. Plaintiffs argue that the district court erred because it held that the jury's verdict was "not contrary to the *weight* of the evidence," as opposed to the *clear weight*. However,

we do not find that in omitting the word "clear," the district court "weigh[ed] the evidence explicitly against the wrong standard," especially given that the court correctly articulated the new-trial standard elsewhere in its decision. *Landes*, 833 F.2d at 1372. We have examined the record and agree with the district court that the verdict was not against the clear weight of the evidence.

4.     The district court did not err when it granted summary judgment to the City of Long Beach and Chief Luna. A municipality may only be liable for the constitutional violations of its employees in "carefully circumscribed" circumstances, including when an official policymaker ratifies the employee's unconstitutional acts, *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995), or when it makes the "deliberate" or "conscious" choice not to properly train those employees, *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Here, there was neither ratification nor an actionable failure to train. Chief Luna did not ratify Officer Hernandez's actions: he decided not to discipline him only after an investigation into Morad's shooting, and implemented several remedial measures to prevent shootings like this one from occurring in the future. And though there were some gaps in the LBPD's training program, the asserted deficiencies identified by Plaintiffs are insufficient to support a finding that the LBPD made a

6

"deliberate" or "conscious" choice not to properly train its employees. *See Harris*, 489 U.S. at 389.

5.    Plaintiffs appeal several evidentiary rulings made by the district court during trial. None of these evidentiary rulings were an abuse of discretion. The court did not violate Federal Rule of Evidence 403 when it admitted the eyewitness video into evidence; even if the probative value of the video is limited, Plaintiffs have not shown that "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. For this same reason, the court did not violate Rule 403 when it allowed Officer Hernandez to testify that he could hear Morad making threatening statements on the video. *See id*. Moreover, even if these rulings were abuses of discretion, Plaintiffs have not shown why any of them were prejudicial. *See Geurin*, 316 F.3d at 882. Finally, even if the court may have erred in allowing Hernandez to testify that he had written in his police report that he heard Morad say "I'm coming to get you," we agree with the district judge that this testimony was not prejudicial.

**AFFIRMED**.